IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TYRONE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:23-cv-02371-TLP-atc |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING THE UNITED STATES' MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO AMEND, AND DENYING AS MOOT THE UNITED STATES' MOTION TO STRIKE**

The United States moves to dismiss this case as time barred. (ECF No. 18.) The United States asserts that Tyrone Robinson ("Plaintiff") failed to sue the United States within six months of the denial of his administrative tort claim, as the Federal Tort Claims Act ("FTCA") requires. 28 U.S.C. § 2401(b). Plaintiff responded in opposition, arguing that the deadline should be equitably tolled. (ECF No. 25.) The United States replied. (ECF No. 26.)

Plaintiff then moved to amend the Complaint. (ECF No. 28.) The United States responded in opposition. (ECF No. 33.) Plaintiff, without leave of Court, replied. (ECF No. 34.) And the United States moved to strike Plaintiff's Reply. (ECF No. 35.) Plaintiff then withdrew his Reply. (ECF No. 37.)

For the reasons explained below, the Court **DENIES** the United States' Motion to Dismiss, **GRANTS** Plaintiff's Motion to Amend, and **DENIES** the United States' Motion to Strike as **MOOT**.

1

# BACKGROUND

The Court will first summarize the factual allegations underlying Plaintiff's claim. The Court will then discuss the case's procedural history.

## I.   Plaintiff's Allegations

According to Plaintiff's Complaint, Memphis Health Center ("MHC") provided care to Plaintiff's mother, Rosie Jeter ("Ms. Jeter"), for three decades. (ECF No. 2 at PageID 3.) And MHC either failed to diagnose or misdiagnosed Ms. Jeter's condition, despite her complaints of weight loss, stomach pain, and blood in her stool. (ECF No. 2 at PageID 3; ECF No. 2-1 at PageID 5–6.) She started communicating these symptoms to MHC in 2016. (ECF No. 2 at PageID 3.) And she continued to report these types of symptoms to MHC in 2017, 2018, and 2019. (*Id.*; ECF 2-1 at PageID 5.)

Then, on February 14, 2020, Methodist North diagnosed Ms. Jeter with several conditions, including stage four stomach cancer. (ECF No. 2-1 at PageID 6.) Ms. Jeter passed away shortly after, on February 19, 2020. (*Id.*) Plaintiff claims that as a result of MHC's misdiagnosis, "Ms. Jeter suffered for many years of pain which appropriate testing and treatment could have prevent[ed] the long-standing suffering until her death [on] February 19, 2020." (*Id.*)

## II.   Plaintiff's First Lawsuit[1]

Plaintiff first sued MHC over his mother's death in Shelby County Circuit Court on February 24, 2021. (ECF No. 1-4 at PageID 9–13, Case No. 2:21-cv-02450.) The United States removed the case to this Court on July 7, 2021. (ECF No. 1 at PageID 1–3, Case No. 2:21-cv-02450.) The United States also moved to substitute itself as the defendant (ECF No. 6, Case No.

---

[1] The citations in this subsection are to the docket in Plaintiff's first lawsuit, *Robinson v. United States*, Case No. 2:21-cv-02450-TLP-atc (W.D. Tenn. July 7, 2021).

2:21-cv-02450), and this Court granted that motion on July 22, 2021. (ECF No. 7, Case No. 2:21-cv-02450.) Next, the United States moved to dismiss the case for failure to exhaust administrative remedies. (ECF No. 23 at PageID 1134–42, Case No. 2:21-cv-02450.) This Court granted that motion and dismissed the lawsuit without prejudice. (ECF No. 25 at PageID 1145–54, Case No. 2:21-cv-02450; ECF No. 27 at PageID 1157–62, Case No. 2:21-cv-02450.)

### III.   Plaintiff's Current Lawsuit

On August 30, 2021, while the first case was pending, Plaintiff filed an administrative claim with the Department of Health and Human Services ("HHS"). (ECF No. 18-7 at PageID 81.) HHS denied Robinson's administrative tort claim on January 19, 2023. (*See id.*) The denial letter informed Plaintiff that he could "file suit against the United States within six (6) months from the date of mailing the determination." (*Id.*) Plaintiff was unsatisfied with the decision and filed this lawsuit in the Western District of Tennessee on June 20, 2023, again naming MHC as the defendant. (ECF No. 2 at PageID 2, 9.) Plaintiff was pro se at the time, and when he filed the lawsuit, he also moved for leave to proceed in forma pauperis. (ECF No. 3.) Until Plaintiff retained counsel, all pretrial matters in this case were referred to Magistrate Judge Annie T. Christoff ("Judge Christoff").

Judge Christoff granted Plaintiff leave to proceed in forma pauperis on June 26, 2023. (ECF No. 7 at PageID 15–16.) But it was not until January 5, 2024, that she finished screening the Complaint. (ECF No. 10 at PageID 19–20.) When Judge Christoff concluded the screening, she entered an order directing the Clerk to issue process for both MHC and the United States. (ECF No. 10 at PageID 19–20.) As she explained, "in Robinson's prior case involving substantially similar claims (2:21-cv-02450-TLP-atc), the United States of America moved to be substituted as Defendant in place of MHC. As such, the Court also directs the Clerk to issue

3

process for the United States of America and deliver that process and the Complaint to the marshal for service." (*Id.* at PageID 20.)  And the United States Marshal Service served the United States Attorney on January 12, 2024.  (ECF No. 14.)

On March 11, 2024, the United States moved to substitute itself as the defendant here. (ECF No. 17.)  And Judge Christoff granted that motion on May 9, 2024.  (ECF No. 22.)  Also on March 11, 2024, the United States moved to dismiss this case as time barred.  (ECF No. 18.) The United States argues that Plaintiff failed to sue the United States as the proper defendant within six months of the denial of his administrative tort claim.  (ECF No. 18 at PageID 36.) After the United States' Motion, Plaintiff retained counsel.  (ECF No. 23 at PageID 91–92.) Plaintiff then responded in opposition to the United States' Motion to Dismiss.  (ECF No. 25.) Since then, Plaintiff has moved to amend his complaint.  (ECF No. 28.)  The United States opposes the motion to amend.  (ECF No. 33.)

The Court will now set out the relevant legal standards.

## **LEGAL STANDARD**

To survive a motion to dismiss, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  And the ruling court must accept all factual allegations as true.  *See id.*  But it need not accept a plaintiff's legal conclusions or make unreasonable inferences in favor of a plaintiff.  *See id.*; *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). What is more, when reviewing a motion to dismiss, the ruling court generally restricts its review to the face of the complaint. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). Still, in reviewing a motion to dismiss, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's

4

motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein."[2] *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024). And, for all that, this review does not prevent the court from dismissing a claim when "the allegations in the complaint affirmatively show that the claim is time-barred." *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord McCray v. Carter*, 571 F. App'x 392, 399 (6th Cir. 2014). The Supreme Court in *Foman* also warns courts that the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." 371 U.S. at 182.

---

[2] The Court here relied on filings in Plaintiff's prior case, *Robinson v. United States*, Case No. 2:21-cv-02450-TLP-atc (W.D. Tenn. July 7, 2021), and attachments to the United States' Motion to Dismiss. The filings in the prior case are public record, and the attachments to the United States' Motion to Dismiss are all either public record or referred to in the Complaint and central to the claims.

## ANALYSIS

I.    **The FTCA and its Statute of Limitations**

Under the FTCA,[3] when a plaintiff sues a federal employee for committing a tort while acting within the scope of employment, the United States is the correct defendant. *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008). Indeed, a lawsuit against the United States is the exclusive remedy for bringing "claims for damages resulting from negligent acts of federal employees committed within the scope of their employment." *Sykes v. United States*, 507 F. App'x 455, 460 (6th Cir. 2012). And when the Attorney General certifies the employee was acting within their scope of employment at the time of the incident, the United States is substituted as the defendant in place of the employee. *Dolan*, 514 F.3d at 592; 8 U.S.C. § 2679(d)(1). The United States moved to substitute itself as the defendant in this case, explaining that the case arises out of "medical care provided by [Memphis Health Center, Inc.] and its employees, all of whom are deemed to have been federal employees of the United States, Public Health Service." (ECF No. 17 at PageID 33.) Judge Christoff granted the motion to substitute, and the United States became the defendant on May 9, 2024. (ECF No. 22.)

Now turning to the motion to dismiss, the United States argues that the FTCA's statute of limitations bars Plaintiff's lawsuit. (ECF 18 at PageID 36.) The FTCA has a two-part statute of limitations. First, the claimant must present the claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Second, once the claim is "finally denied by the agency in writing," the claimant must sue in federal court "within six months after the date of mailing … or notice of final denial." 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a).

---

[3] References to the FTCA in this Order include the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("the Westfall Act") amendments. *Sykes v. United States*, 507 F. App'x 455, 460 (6th Cir. 2012).

Plaintiff brought his claim before HHS on August 30, 2021, within two years of its accrual.[4]  (ECF No. 18-7 at PageID 81.)  HHS denied his claim on January 19, 2023.  (*Id.*) And Plaintiff then sued in federal court on June 20, 2023, within six months of his notice of final denial.  (ECF No. 2, PageID 2–9.)  Yet Plaintiff sued MHS, not the United States.

Under 28 U.S.C. § 2401(b), Plaintiff needed to sue the United States by July 19, 2023.  But the United States did not become a party until May 9, 2024.  And so Plaintiff's case can continue only if either (1) the United States' substitution as the defendant in this case relates back to the Complaint or (2) if the statute of limitations should be equitably tolled.  *See Lewis v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, No. 99-CV-74662-DT, 2000 WL 263820, at *2 (E.D. Mich. Feb. 25, 2000).

The Court will now assess whether the United States' substitution as the defendant relates back to the Complaint.[5]

---

[4] The United States admits this in its Motion to Dismiss.  (ECF No. 18 at PageID 40.)
[5] In Plaintiff's response to the United States' motion to dismiss, Plaintiff only makes arguments about equitable tolling.  But in Plaintiff's motion to amend, he makes a relation back argument.  The United States contends that Plaintiff has waived the relation back argument, given he did not make the argument in response to the United States' Motion to Dismiss.  But, in the interest of justice, and considering that this is a technical, procedural issue, the Court finds the United States' position unpersuasive.  *See Anderson v. United States*, No. 1:20-CV-04358-SDG, 2022 WL 22286921, at *2 (N.D. Ga. Mar. 28, 2022) ("Thus, the Court is not bound to deny [the Plaintiff] the benefit of the relation back doctrine solely because he failed to reference it, whether he is proceeding *pro se* or not.  The Court's charge in this case, and in every case, is to get it right."); *Chan v. Barbour, Inc.*, 263 F. Supp. 3d 521, 524 (E.D. Pa. 2017) ("In the interests of justice, the Court considers the relation back doctrine *sua sponte*.").  What is more, although late, Plaintiff did make a relation back argument in his motion to amend, and the United States has had a chance to respond to that relation back argument.  (ECF No. 33.)  The United States did not defend against the relation back argument on the merits and argues only the relation back argument is waived.  (*Id.*)

**II.     Relation Back Doctrine**

    **A.      Rule 15(c)**

Federal Rule of Civil Procedure 15(c) outlines when an amendment to a pleading relates back to the original pleading.  And the Rule 15(c) relation back analysis applies in FTCA actions.  *Kellom v. Quinn*, 86 F.4th 288, 294 (6th Cir. 2023) ("We've never doubted—and we're not aware of any circuit that has—that the Rules' relation-back doctrine applies in the context of the Westfall Act.").  And Rule 15 "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

Rule 15(c)(1)–(2) provides:

(1) An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(2) When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c)(1)–(2).

First, although the United States became the defendant by its own request in a motion to substitute, rather than by an amended complaint, Rule 15(c) still governs when deciding whether the substitution here relates back to the original pleading. *See Arnold v. Wilkie*, No. 20-02876-TMP, 2021 WL 4942821, at *2, 4 n.8 (W.D. Tenn. Oct. 22, 2021) (conducting a relation back analysis under Rule 15(c) when the United States moved to substitute itself as the defendant); *Roman v. Townsend*, 224 F.3d 24, 28 (1st Cir. 2000) ("Thus, the district court did not have jurisdiction to hear plaintiffs' claim unless the United States' substitution in 1998 related back to the date of the original suit in 1996.  That substitution had the same legal effect as an amendment to the complaint adding the United States as a party, except that here the United States, rather than the plaintiffs, was the movant.").  If this were not the case, the United States could avoid a relation back analysis while having actual notice of the lawsuit.  For example, the United States could wait for the statute of limitations to run out and then move to substitute before a plaintiff moves to amend under Rule 15(c).

In this case the United States moved to substitute itself as the defendant in place of MHS. And so, under the structure of Rule 15(c), the United States' substitution will relate back under Rule 15(c)(1)(C) if Rules 15(c)(1)(B) and 15(c)(2) are met.  Fed. R. Civ. P. 15(c); *see Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990) (assessing, under an earlier version of Rule 15, whether these two criteria were met in resolving an FTCA relation-back issue).  Indeed, Rule 15(c)(2) provides the specific way "the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied."  Fed. R. Civ. P. 15(c)(2); *see Allgeier*, 909 F.2d at 873 (applying only the "government notice provision" to decide whether the United States had proper notice of the

9

lawsuit for relation back purposes)[6]; *Arnold*, No. 20-02876-TMP, 2021 WL 4942821, at *5 (W.D. Tenn. Oct. 22, 2021) (providing no independent analysis on Rule 15(c)(1)(C)); *Lewis v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, No. 99-CV-74662-DT, 2000 WL 263820, at *3 (E.D. Mich. Feb. 25, 2000) (same).[7] The Court finds that Rules 15(c)(1)(B) is satisfied here, since Plaintiff has not tried to add a new claim arising out of new facts. And so the Court turns now to Rule 15(c)(2).[8]

---

[6] As will be discussed in Footnote 10, the government notice provision in effect at the time of *Allgeier* differs from the one in Rule 15 today. *Allgeier v. United States*, 909 F.2d 869, 873 (6th Cir. 1990)

[7] Indeed, the Ninth Circuit has gone even further: "As explained below, we conclude that [plaintiff] is entitled to relation back under subsection (c)(2), which obviates any need for us to decide whether she would be entitled to relation back under subsection (c)(1)." *Silbaugh v. Chao*, 942 F.3d 911, 913 (9th Cir. 2019).

[8] Some other circuit courts cast doubt on this approach and suggest that, even when Rule 15(c)(2) is involved, the ruling court should still analyze the "mistake requirement" in 15(c)(1)(C)(ii)—that the United States "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) (assessing the mistake requirement of Rule 15(c) but also suggesting the analysis may be unnecessary in an FTCA action); *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 243 (5th Cir. 2011). Even if there is a separate "mistake analysis," the Court finds that the United States' substitution in this case would still relate back to the Complaint. Under Rule 15(c)(1)(C), relation back applies when an amendment seeks to change the name of the defendant, correct a mistake about the defendant's identity, or substitute a party because of a mistake. *Rose v. Lake Cumberland Reg'l Hosp., LLC*, No. 6:19-CV-221-CHB-HAI, 2021 WL 7286277, at *6 (E.D. Ky. Sept. 30, 2021) (collecting cases). And the Supreme Court has rejected an argument that Rule 15(c)(1)(C) was not satisfied just because the plaintiff knew or should have known the correct identity of the defendant. *See Kirk Excavating & Constr., Inc. v. Columbus Equip. Co.*, 704 F. App'x 492, 500 (6th Cir. 2017); *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010) ("Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity."). The Court finds that Plaintiff, who was pro se when the case started made a mistake and either misnamed or misidentified the defendant. In the end, the Court finds that the United States, within the relevant period, "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). In fact, a plaintiff naming the wrong defendant when suing the United States or its employees or agencies is the exact type of mistake Rule 15(c) addresses. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550–51 (2010) (discussing Advisory Committee Notes to the 1966 Amendments); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010) (same).

10

Under Rule 15(c)(2), the United States had the necessary notice to relate its substitution back "if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency."  Fed. R. Civ. P. 15(c)(2).  The "stated period" means "the time period provided by Rule 4(m) for serving the original summons and complaint."  *Arnold*, 2021 WL 4942821, at *4; *see* Fed. R. Civ. P. 15(c)(1)(C).[9]  This includes both the 90 days that Rule 4(m) gives to serve the complaint and any court-provided extensions.  *Arnold*, 2021 WL 4942821, at *4; *see Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("[W]e see no reason for incorporating Rule 4(m)'s 120–day baseline into Rule 15 without also incorporating Rule 4(m)'s good-cause baseline exception.").

---

[9] The Sixth Circuit held in *Allgeier v. United States*, 909 F.2d 869 (6th Cir.1990) that, for relation back to apply, the United States needed to receive notice of the lawsuit before the FTCA statute of limitations ran out.  But, as another district court has noted, the Sixth Circuit decided *Allgeier* before Rule 15(c) was amended to liberalize the relation back standard.  *Lewis v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, No. 99-CV-74662-DT, 2000 WL 263820, at *3 (E.D. Mich. Feb. 25, 2000) ("As amended in 1991 and 1993, Rule 15(c) permits relation back if the proper defendant receives notice 'within the time provided by Rule 4(m).'").  Likewise, in the context of an FTCA action, the Fifth Circuit has explained:

> Under the old rule, an added party had to receive notice within the limitations period.  The new rule, though, as mentioned above, allows the plaintiff to notify the defendant within the 120 days allowed for service.  Further, the comments to amended Rule 15(c) state that the rule not only allows service during the 120 days but also during any extension the court may grant.  Fed. R. Civ. P. 15(c) advisory committee's notes.  This Court's task, then, is to determine whether the United States received notice within Rule 4(m).

*McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998).  Lastly, and for the reasons explained in this footnote, the United States reliance on *Price v. United States*, No. 2:06-CV-153, 2007 WL 2897891 (E.D. Tenn. Sept. 27, 2007) is misplaced.  Indeed, this Court finds that, because Rule 15 had been amended, the district court in *Price* relied on *Allgeier* in error.  *Price,* 2007 WL 2897891 at *2.

11

This means that under Rule 15(c)(2), the substitution of the United States as the defendant relates back to the original complaint if Plaintiff served either the United States Attorney or the Attorney General within ninety days of the initial complaint's filing,[10] or within a court-specified time beyond that period. Fed. R. Civ. P. 15(c)(2); *Arnold*, 2021 WL 4942821, at *4. Applied here, and for the reasons explained below, Plaintiff had until April 4, 2024, to serve the United States Attorney or the Attorney General of the United States. Plaintiff met this requirement when the United States Marshal served the United States Attorney on January 12, 2024.

As Plaintiff is proceeding in forma pauperis and was pro se when he filed suit, he could not have served any party, including the United States, until the Court finished screening his complaint. Indeed, under this district's local rules, "[i]f a pro se plaintiff who is not a prisoner is proceeding in forma pauperis, the Clerk will issue summonses only if directed to do so by the Court following a screening pursuant to 28 U.S.C. § 1915(e)(2)(B)." L.R. 4.1(b)(2) (italics removed). For that reason, Plaintiff could not have possibly served the United States until January 5, 2024, the day the screening process finished.

And so, for his claims to relate back, Plaintiff needed to serve the United States Attorney or Attorney General by April 4, 2024, which is 90 days after he could have first served any party, including the United States. *See* Fed. R. Civ. P. 15(c)(2); Fed. R. Civ. P. 4(m). Put differently, the screening process halted Plaintiff's ability to progress his case until the Magistrate Judge concluded her screening, which provides good cause to consider April 4, 2024, as the service

---

[10] "If the Defendant to be brought in by amendment is the United States, then the notice requirement is satisfied *if either* the United States Attorney *or* the Attorney General is served process." *Lewis v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, No. 99-CV-74662-DT, 2000 WL 263820, at *2 (E.D. Mich. Feb. 25, 2000) (emphasis added).

12

deadline. Fed. R. Civ. P. 4(m) ("If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." ); *see Jackson*, 393 F. App'x at 353–54 ("The district court finished screening Jackson's complaint and issued summonses on December 21, 2006, so Jackson had 'good cause' for failing to serve the defendants within 120 days of filing his complaint and complied with Rule 4(m) by serving the defendants on December 29.").

And on January 12, 2024, the United States Marshal served the United States Attorney with a copy of the summons and complaint. (ECF No. 14 at PageID 30.) Thus, the United States had actual notice well within the time contemplated by Rule 4(m), and the FTCA's statute of limitations is satisfied under a relation back theory. Fed. R. Civ. P. 15(c)(2); s*ee Anderson*, 2022 WL 22286921, at *3; *Keller v. United States*, 444 F. App'x 909, 913 (7th Cir. 2011).

Accordingly, the Court **DENIES** the United States' Motion to Dismiss. Because the Court finds that the United States' substitution relates back to the filing of the Complaint, the Court need not address Plaintiff's equitable tolling arguments.

### III.   Motion to Amend

After the parties fully briefed the Motion to Dismiss, Plaintiff moved to amend his Complaint. (ECF No. 28.) Plaintiff explains that he moved to amend the Complaint to make the United States the defendant. (*Id.*) And, as part of that Motion, Plaintiff makes a relation back argument. (ECF No. 30.)

The United States opposes the motion to amend because the United States is already the defendant. (ECF No. 33.) And so the United States argues that amending the complaint is unnecessary and futile. (*Id.*) The United States also argues that the Motion to Amend should be denied as it "appears to be an improper attempt to reargue Defendant's motion to dismiss." (*Id.* at PageID 198–99.) Likewise, the United States argues that the Court should not consider the

13

relation back argument made in the Motion to Amend because Plaintiff waived his chance to assert it. (*Id.*)

But the Court finds the United States' position here unpersuasive. The Court agrees that amending the Complaint solely to include the United States as the defendant on the Complaint would be futile because the United States is already the defendant here. But Plaintiff's proposed amended complaint differs from the current operative Complaint in other ways as well. The proposed amended complaint clarifies the claims and the alleged facts in this case. (ECF No. 28.) And Plaintiff wrote the current operative complaint when he was pro se, while his counsel drafted the proposed amended complaint. (ECF Nos. 2, 28.) What is more, Plaintiff has not amended the Complaint before, and the Court should freely give leave to amend. Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

Lastly, the Court finds unpersuasive the United States' position that the Court should either deny or not consider part of the motion to amend because it raises a relation back argument for the first time. (ECF No. 33 at PageID 198–99.) Indeed, district courts have considered relation back arguments sua sponte. *See Anderson v. United States*, No. 1:20-CV-04358-SDG, 2022 WL 22286921, at *2 (N.D. Ga. Mar. 28, 2 022); *Chan v. Barbour, Inc.*, 263 F. Supp. 3d 521, 524 (E.D. Pa. 2017). Besides, Plaintiff references Rule 15(c)(2), the relevant relation back provision here, in his proposed amended complaint which he filed on June 20, 2024.[11] (ECF No. 27 at PageID 155.) And, in the end, the Court finds that the interests of

---

[11] Before he moved to amend, Plaintiff filed a Notice on June 20, 2024 (the same day the United States replied in support of its Motion to Dismiss). (ECF No. 27.) And this Notice contains a proposed amended complaint, which Plaintiff labels as "omitted exhibit to Plaintiff's response to Defendant's Motion to Dismiss pursuant to Rule 12(b)(6)." (*Id.*) At the end of Plaintiff's response to Defendant's Motion to Dismiss, Plaintiff had requested "a short time to submit an amended complaint." (ECF No. 25 at PageID 101.) Since responding and filing his the later-

justice and Rule 15(c) require allowing the United States' substitution to relate back to the original complaint.

Accordingly, the Court **GRANTS** Plaintiff's motion to amend. Plaintiff may file his proposed amended complaint.

## IV.     Motion to Strike

After the United States responded in opposition to Plaintiff's Motion to Amend, Plaintiff replied. The United States then moved to strike the Reply. In its Motion, the United States points out that Plaintiff replied too late and without leave of court. Plaintiff then withdrew his Reply (ECF No. 34).[12] (ECF No. 37.) Accordingly, the Court **DENIES** the Motion to Strike (ECF No. 38) as **MOOT**.

## V.      Sufficiency of Service of Process

In its Motion to Dismiss, the United States explains, "The U.S. Marshals served the U.S. Attorney with a copy of the summons and complaint on January 12, 2024." (ECF No. 18 at PageID 39.) But the United States also writes in a footnote: "As of the filing of this motion, the Court's docket indicates the summons and complaint were mailed to the Attorney General on January 11, 2024 and delivered on January 17, 2024, but the Attorney General's office does not show that it has been served." (*Id.*) Even so, the United States did not move to dismiss based on lack of service of process. (ECF No. 18.) And, as the United States admits, the record reflects that the summons and complaint were mailed to the Attorney General on January 11, 2024.

---

filed notice, Plaintiff has formally moved to amend the complaint—that is the motion the Court is considering here. (ECF No. 28.)

[12] While the Court did not consider the withdrawn reply, several of the points Plaintiff made in that reply were already obvious to the Court and thus may appear in the Court's analysis. (ECF No. 37.)

15

(ECF No. 16.) And so, the Court declines to consider whether Plaintiff fully perfected service of process.

## CONCLUSION

For the reasons above, the Court **DENIES** the United States' Motion to Dismiss, **GRANTS** Plaintiff's Motion to Amend, and **DENIES** the United States' Motion to Strike as **MOOT**.

**SO ORDERED**, this 21st day of February, 2025.

                                        s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE